UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL CARL ROBERT GARDNER,

    Plaintiff,

v.

C/O BRADY; C/O SAUER; C/O RIDDICK; C/O FERGUSON; JOHN and JANE DOES,

    Defendants.

Case No. 2:19-cv-00263-MK

OPINION AND ORDER

KASUBHAI, Magistrate Judge:

    Plaintiff, an inmate at Eastern Oregon Correctional Institution (EOCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged the use of excessive force in violation of his rights under the Eighth Amendment. Defendants now move for summary judgment on grounds that the record fails to establish a violation of plaintiff's constitutional rights. Disputed issues of material fact preclude summary judgment, and defendants' motion is denied.

## BACKGROUND

    On May 24, 2017, Sgt. Szilagyi was performing a routine "tier check" in the EOCI disciplinary segregation unit and noticed that plaintiff's cell window was covered with a scrub

1 -   OPINION AND ORDER

top. Brady Decl. Att. 4 at 15. Sgt. Szilagyi ordered plaintiff to remove the scrub top, and plaintiff responded that "he was willing to make a deal." *Id.* Sgt. Szilagyi asked, "What kind of deal?" and plaintiff responded, "I have cleaning supplies in my cell from day shift and I will trade them for my property and a bunk move." *Id.* Sgt. Szilagyi told plaintiff that he did not "make deals." *Id.* Subsequently, correctional officers approached plaintiff's cell and confirmed that plaintiff possessed a dustpan, a foxtail duster, and a spray bottle. *Id.* Att. 4 at 9. Lt. Lindholm directed plaintiff to surrender the cleaning items and to uncover his window, and plaintiff did not comply with these orders. *Id.* A cell extraction team was assembled to remove plaintiff from his cell.

A team of seven correctional officers approached plaintiff's cell. Brady Decl. Att. 4 at 9, Att. 5 (video recording). Plaintiff was told to remove the scrub top and submit to restraints. Plaintiff did not respond. Officers opened the cell door slightly, sprayed pepper spray inside the cell, and closed the cell door. Plaintiff again was ordered to remove the top and submit to restraints. Officers waited a few moments, and plaintiff did not comply. Officers opened the door again and deployed pepper spray for a second time. Plaintiff did not comply or respond to the officers' commands. The officers opened the door and used physical force to take plaintiff to the ground and remove him from the cell. *See id.*

As a result of the force used against plaintiff, he sustained a laceration to his head and received three sutures. *Id.*; DiGiulio Decl. ¶ 9. The next day, plaintiff told medical staff he was doing "okay" and requested, ice, antibiotic ointment, and pain medication. DiGiulio Decl. ¶ 10.

## DISCUSSION

Plaintiff alleges that defendants violated his rights under the Eighth Amendment by using excessive force when they extracted him from his cell. *See Hudson v. McMillian,* 503 U.S. 1, 5

(1992) (holding that "the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment").

Defendants move for summary judgment on grounds that plaintiff cannot establish a violation of his constitutional rights, and alternatively, that they are entitled to qualified immunity. To prevail on their motion, defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This Court must construe the evidence and draw all reasonable inferences in the light most favorable to plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

Whether the use of force against an inmate "inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Hudson*, 503 U.S. at 6 (quoting *Whitley v. Albers,* 475 U.S. 312, 320-21 (1986)). Five factors are relevant to this determination: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003).

It is undisputed that officers entered plaintiff's cell and pinned him to the floor. It is also undisputed that Officer Brady struck plaintiff in the head with a closed fist at least six to eight times, and that plaintiff sustained a laceration that bled profusely and required three stitches. Brady Decl. ¶ 8; DiGiulio Decl. ¶¶ 7, 9.

The parties dispute whether the use of force against plaintiff was necessary or justified. Defendants argue that physical force was necessary to remove plaintiff from his cell and

3 -   OPINION AND ORDER

confiscate the cleaning supplies. Brady Decl. ¶ 11. Defendants note that the extraction team tried to minimize the use of force by first asking plaintiff to comply and deploying pepper spray. Defendants also emphasize that in March 2016, plaintiff was found in possession of a homemade weapon, and that fact informed their precautions and use of force against plaintiff when he failed to comply with their commands. *Id.* ¶ 5 & Att. 3. Defendants contend that Officer Brady struck plaintiff in the head only to gain plaintiff's compliance and to prevent plaintiff from biting Officer Brady. *Id.* ¶¶ 8, 11 & Att. 4 at 11. Finally, defendants note that plaintiff sustained only a minor laceration as a result of the force used against him.

     Plaintiff dispute defendants' version of the facts. Plaintiff maintains that he did not resist once officers entered the cell and that he did not attempt to bite Officer Brady. Plaintiff argues that he was already restrained and subdued when officers unnecessarily used force against him by striking him in the head and kneeing him in the back and head. Plaintiff maintains that he had no weapon, had made no threats, and was not fighting officers' attempts to restrain him. Pl.'s Decl. at 1-2.

     Construing all inferences in favor of plaintiff, the current record does not establish, as a matter of law, that the use of force was employed in a "good faith effort" to obtain plaintiff's compliance. Although the undisputed facts support the officers' decision to enter plaintiff's cell and remove him, plaintiff maintains that he was not resisting the officers or attempting to bite Officer Brady when he was struck in the head numerous times. The video recording of plaintiff's extraction is inconclusive and does not indicate whether plaintiff was fighting, resisting the officers' attempts to restrain him, or attempting to bite Officer Brady. Brady Decl. Att. 5. Further, Officer Sauer reported that plaintiff resisted efforts to restrain him "at first" and then became compliant when Officer Sauer gained control of plaintiff's hands; Officer Sauer's report

4 -   OPINION AND ORDER

did not include plaintiff's continued attempts to resist or to bite. *Id.* Att. 4 at 10. Likewise, Officer Powell's report did not indicate whether plaintiff resisted officers, and Officer Ferguson's report mentioned only a "brief struggle." *Id.* Att. 4 at 12-13. Finally, the officers' use of force resulting in swelling, bleeding, and a laceration requiring stitches. DiGiulio Decl. ¶¶ 7, 9; *see Hudson*, 503 U.S. at 10 (stating that "blows directed" at an inmate causing "bruises, swelling, loosened teeth, and a cracked dental plate, are not *de minimis* for Eighth Amendment purposes"). Thee disputed facts preclude summary judgment.

Alternatively, defendants argue that they are entitled to qualified immunity. "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly,* 137 S. Ct. 548, 551 (2017) (per curiam) (citation and quotation marks omitted). "[A] district court should decide the issue of qualified immunity as a matter of law when the material, historical facts are not in dispute, and the only disputes involve what inferences properly may be drawn from those historical facts." *Conner v. Heiman*, 672 F.3d 1126, 1131 (9th Cir. 2012) (internal quotation marks and citation omitted). However, when "historical facts material to the qualified immunity determination are in dispute," the claim should be decided by a jury. *Id.*

Here, questions of fact remain regarding the circumstances underlying the extraction of plaintiff from his cell and the use of force used against him. Construing the disputed facts in favor of plaintiff, I cannot find that reasonable correctional officers in defendants' position would not have known that striking a non-resistant inmate in the head at least eight times would constitute excessive force under the Eighth Amendment. Thus, "historical facts" critical to determining qualified immunity are in dispute, and qualified immunity is not appropriate at this stage of the proceedings.

5 -   OPINION AND ORDER

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 32) is DENIED.

IT IS SO ORDERED.

DATED this 24th day of November 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge
